Attorney Docket No.: 921051-98863

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DICKEY MANUFACTURING COMPANY, an Illinois corporation, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) ) | **FILED: OCTOBER 03, 2008** <br> **08 CV 5659** |
| v. | ) ) | Judge: **JUDGE BUCKLO** |
| E.J. BROOKS COMPANY, a New Jersey corporation, | ) ) ) ) | **MAGISTRATE JUDGE ASHMAN** <br> **AEE** |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND FRAUD

The Plaintiff, Dickey Manufacturing Company, for its Complaint for a declaratory judgment and cancellation of trademark registration, alleges as follows:

## JURISDICTION AND VENUE

1. This complaint for a declaratory judgment is brought under 28 U.S.C. §§2201 and 2202 for a declaratory judgment declaring United States Trademark Registration No. 1,200,445 (hereinafter referred to as the "Registration") to be invalid and not infringed by Dickey under the Lanham Act, 15 U.S.C. § 1051 *et seq*, for cancellation of the Registration under 15 U.S.C. §1119, and for damages resulting from the fraudulently procured the Registration under 15 U.S.C. §1120. Subject matter jurisdiction is proper under 28 U.S.C. §§1331, 1338(a), 2201 and 2202. Venue is proper in this District and Division under 28 U.S.C. §1391.

## PARTIES

2. The Plaintiff, Dickey Manufacturing Company (hereinafter referred to as "Dickey Manufacturing"), is an Illinois corporation having an office and principal place of business at 1315 East Main St., St. Charles, IL 60174-2395.

3. Upon information and belief, the Defendant, E.J. Brooks Company, is a New Jersey corporation, having an office and principal place of business at 8 Microlab Road, Livingston, NJ 07039, that regularly does business in Illinois and in the Northern District of Illinois.

4. Upon information and belief, the Defendant, E.J. Brooks Company, is the owner of United States Trademark Registration No. 1,200,445. The Defendant, E.J. Brooks Company, is listed as the owner of the Registration in the records of the Patent and Trademark Office.

5. Upon information and belief, the Defendant E.J. Brooks is doing business in Illinois, by having employees and/or exclusive representatives in Illinois, having customers in Illinois, and operating an interactive web site offering product for sale to and shipment into Illinois. The assertion of claims against Dickey has an effect on commerce in Illinois. The assertion of a fraudulently procured registration is a tort committed in Illinois.

## STATEMENT OF FACTS

6. Dickey Manufacturing, since 1911, has developed and operated a business in Illinois manufacturing and distributing numerous types of security seals, made from sheet metal, cable, plastic and the like, and at least as early as 2001, added to its line several sizes of plastic seals in which a user will insert an elongated shackle portion into a locking housing portion and then pull tight the elongated shackle portion to seal a bag, container, or similar items. Seals of this type are seals for which a user should "pull the shackle sufficiently to tighten" or "the shackle is pulled through the housing until it tightens." In model or type designations, following

grammatical norms for capitalization, these products are described using the words "pull tight" in contexts such as "Pull Tight Seals."

7.   In a letter dated May 28, 2008, an employee of E.J. Brooks wrote Dickey directly claiming ownership of the registration for PULL-TITE for seals and requesting that Dickey discontinue use of "Pull Tight" in connection with its seals of the pull tight type.

8.   Counsel for Dickey responded, requesting that Brooks bring the matter to the attention of its counsel, pointing out that Registration No. 1,200,445 is for PULL-TITE, not the term "pull tight" that Patents (U.S. Patent Nos. 3,830,538 and 3,467,427) in their descriptions owned by Brooks urge that the user should "pull the shackle sufficiently to tighten" ('427 patent, col. 3, lines 11 - 13) or "the shackle is pulled through the housing until it tightens." ('538 patent, col. 2, lines 16 – 17); that Brooks (then) attorney prosecuting the trademark application argued Patents Nos. 3,830,538 and 3,467,427 did not need to be pulled tight in direct contradiction to what was described; and that Dickey was using the term "pull tight" in a non-trademark sense, fairly and in good faith to describe characteristics and operation of its product.

9.   Current counsel for Brooks responded August 6, 2008, requesting "that [Dickey] cease and desist from continued use of the mark PULL TIGHT as it regards security seals", asserting that Brooks did not think its previous trademark attorney had not acted fraudulently in prosecuting the application which lead to the Registration at issue, that it did not believe PULL-TITE was generic and concluding that "Brooks will vigorously defend its rights in this mark, and has successfully done so in the past."

10.   On September 22, 2008, current counsel for Brooks sent a follow up letter, unilaterally imposing a 10 day deadline on Dickey for response.

11.     As a result of these communications, Dickey apprehends that Brooks may institute a suit, despite Dickey's use of the words "pull tight" to describe a particular type of and features for a seal and not as an indication of source.

## COUNT I: DECLARATORY JUDGMENT
## OF NON-INFRINGEMENT OF TRADEMARK

12.     Dickey Manufacturing realleges paragraphs 1 through 11.

13.     Dickey Manufacturing denies that its current use of the words "pull tight" now or will ever infringe United States Trademark Registration No. 1,200,445 for the words PULL-TITE, owned by E.J. Brooks.

14.     Dickey Manufacturing has an objectively reasonable apprehension that it will be subject to a trademark infringement suit brought by E.J. Brooks.

15.     An actual and justiciable controversy exists between Dickey Manufacturing and E.J. Brooks with respect to the validity and the alleged infringement of United States Trademark Registration No. 1,200,445.

16.     Dickey Manufacturing's use of the term "pull tight" is sufficiently distinct from E.J. Brooks's Registered PULL-TITE in appearance, sound and meaning and does not create a likelihood of confusion between the two marks.

17.     The term "pull tight" is generic for the product category of the subject of E.J. Brooks's seals and accordingly the only word in common between the two marks are unprotectable and not recognized as distinctive by the relevant population, and therefore there is no likelihood of confusion between the terms.

18.     Dickey Manufacturing's use of the use of the term "pull tight" will not and does not infringe E.J. Brooks's Registered PULL-TITE.

19. The baseless threats of trademark infringement made by E.J. Brooks against Dickey Manufacturing are causing, and if they continue, will cause irreparable damage to Dickey Manufacturing.

## COUNT II: CANCELLATION OF
## INVALID TRADEMARK REGISTRATION

20. Dickey Manufacturing realleges paragraphs 1 through 19.

21. This Court may order cancellation of federally registered trademarks pursuant to 15 U.S.C. § 1119 in the context of a declaratory judgment action under 28 U.S.C. § 2202.

22. On December 22, 1979, counsel for E.J. Brooks, R.E. Ross, signed and filed with the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board, an Appeal Brief, appealing the rejection of its application to register PULL-TITE on the ground the mark was "merely descriptive." In the brief, Mr. Ross stated, *inter alia*:

> The mark is used on plastic security seals. One form of the seal is shown in U.S. patent 3,467,427, another form in U.S. patent 3,830,538. Copies of the drawings of these patents are attached hereto as Exhibits A and B.
>
> The shackle (10 in Exhibit A) is inserted through the housing (12) and pulled through by the fingers. In Exhibit A, the shackle is pulled until tight to enclose the neck of a bag 34 and keep it closed, However, in Exhibit B the shackle need not be pulled until tight , since it has no function in holding the metal parts together, but need only be pulled until one of the locking elements on the shackle engages the fingers in the housing. (emphasis added).

23. The specifications of Brooks's Patents, Nos. 3,830,538 and 3,467,427, urge that the user should "pull the shackle sufficiently to tighten" ('427 patent, col. 3, lines 11 - 13) or "the shackle is pulled through the housing until it tightens" ('538 patent, col. 2, lines 16 – 17), respectively.

24. The submission of only the drawings from the patents and arguing the shackle need not be pulled until tight contradict the specifications of the respective patents, which expressly describe relevant functions and were material to the issue of registrability of PULL-TITE.

5

25. The submission of the drawings and argument were made intentionally and for the purpose of convincing the Board to reverse the rejection.

26. As a result of the aforementioned statements and omissions, United States Trademark Registration No. 1,200,445 issued for PULL-TITE.

27. Registration No. 1,200,445 is invalid and unenforceable, a defense under 15 U.S.C. §1115 (b) (1) is established and the registration should be cancelled by the Court under 15 U.S.C. §1119.

## COUNT III: FRAUDULENTLY PROCURED TRADEMARK REGISTRATION

28. Dickey Manufacturing realleges paragraphs 1 through 27.

29. The statements made, omissions not explained, and the resultant procurement of Registration No. 1,200,445 by fraud have caused injury to Dickey.

30. E.J. Brooks is liable for damages under 15 U.S.C. §1120.

## COUNT IV: UNTIMELY ASSERTION OF ACTION BY E.J. BROOKS

31. Dickey Manufacturing realleges paragraphs 1 through 30.

32. The accusations made by E.J. Brooks only relate to usage by Dickey on its web site, do not constitute trademark "use" and cannot therefore infringe trademark rights under Federal or common law.

33. Dickey began using pull tight to describe the properties of its seals more than seven years prior to the filing of this action.

34. E.J. Brooks and Dickey are now, and have for many years been, competitors and E.J. Brooks knew or should have known of Dickey's use of the words "pull tight" to describe its seals more than seven years prior to the filing of this action.

35. Many mutual competitors of E.J. Brooks and Dickey sell competitive seals and use the words "pull tight" in various forms to describe the properties of their products and the words "pull tight", in various forms including "Pull Tight", "Pull-tight", "Pull tight", "Pull-tite" and "Pull-Tite" have become generic of seals for which a user should "pull the shackle sufficiently to tighten" or "the shackle is pulled through the housing until it tightens".

36. Dickey has relied on the apparent concession of generic or descriptive use resulting from the inaction of E.J. Brooks against Dickey, or any other competitor, to develop Dickey's competitive business in selling of seals for which a user should "pull the shackle sufficiently to tighten" or "the shackle is pulled through the housing until it tightens".

37. E.J. Brooks' action is barred by laches, estoppel and/or the running of the applicable statute of limitations.

## COUNT V: CANCELLATION OF GENERIC MARK

38. Dickey Manufacturing realleges paragraphs 1 through 37.

39. "PULL-TITE" and its phonetic equivalent "pull tight" have become generic of seals for which a user should "pull the shackle sufficiently to tighten" or "the shackle is pulled through the housing until it tightens."

40. Because of the generic meaning of pull tight, Registration No. 1,200,445 is invalid and unenforceable, genericness under 15 U.S.C. §1115 (b) (1) is established and the registration should be cancelled by the Court under 15 U.S.C. §1119.

## COUNT VI: FAIR USE

41. Dickey Manufacturing realleges paragraphs 1 through 40.

42. The use made by Dickey of the words "pull tight" in the context in which the use is made is a non-trademark, descriptive, and generic use, made fairly and in good faith.

43. Dickey's aforementioned use is a fair use under 15 U.S.C. §1115 (b) (4).

**WHEREFORE**, the Plaintiff, Dickey Manufacturing Company, prays that this Court:

A. Enter judgment that Dickey Manufacturing Company's current use of the words "pull tight" does not infringe United States Trademark Registration No. 1,200,445.

B. Enter judgment that the words "pull tight" is generic.

C. Enter judgment that the mark that is the subject of United States Trademark Registration No. 1,200,445 is generic and the registration invalid.

D. Enter judgment that United States Trademark Registration No. 1,200,445 was procured by fraud and is invalid.

E. Cancel United States Trademark Registration No. 1,200,445.

F. Enter judgment that Dickey's use of the words "pull tight," in any font or capitalization, is a fair use.

G. Issue an injunction permanently enjoining the Defendant E.J. Brooks, its agents, servants, employees and attorneys and all those in active concert or participation with it, from further charging, contending, or asserting that Dickey Manufacturing Company's use of the words "pull tight" infringes E.J. Brooks's Registered PULL-TITE.

H. Award Dickey its cost of defense as damages under 15 U.S.C. §1120

I. Enter judgment that this is an exceptional case under 15 U.S.C. §1117 justifying an award of reasonable attorney fees to Dickey Manufacturing Company.

J. Award Dickey Manufacturing its costs and expenses incurred in this litigation.

K. Grant to Dickey Manufacturing such other and further relief as it may deem just and reasonable.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                            Respectfully submitted,

                                            **DICKEY MANUFACTURING COMPANY**

Date: October 3, 2008                        By: <u>s/ David C. Brezina</u>
                                                    David C. Brezina
                                                    Mark J. Nahnsen
                                                    BARNES & THORNBURG LLP
                                                    One North Wacker Drive, Suite 4400
                                                    Chicago, IL 60606-2833 U.S.A.
                                                    (312) 357-1313
                                                    *Attorneys for Plaintiff*